UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SIMONE SOMMERVILLE,                    :
    PLAINTIFF,                       :
                                     : CIVIL ACTION NO. 3:10cv292(VLB)
                                     :
    v.                               : JANUARY 26, 2012
                                     :
GEISSLER'S SUPERMARKET,                 :
JAMES NILSSON, JR. and                  :
TOM MACALUSO                            :
    DEFENDANTS.                      :


## ORDER DENYING DEFENDANT'S [DOC. #20] MOTION TO DISMISS


Before the Court is a motion to dismiss filed by the Defendants Geissler's Supermarket, James Nilsson, Jr. and Tom Macaluso.  The Plaintiff, Simone Sommerville, has alleged that Defendants have discriminated against her on the basis of her race and age in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000 *et. seq.* and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*  Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff has fail to state a claim upon which relief may be granted.  For the reasons stated hereafter, Defendant's motion to dismiss is denied.

### Facts

The Plaintiff, proceeding pro se, has alleged that she suffered employment discrimination on the basis of her age and race first in 2004 and then again in 2006.  See [Dkt. #2, Compl.].  She has alleged that Tom Macaluso, in her presence, called a "black man, nigger, and he told another work [sic] in front of me that he

is so block that stick out of snow laughing about it.  I ask him about the race comment.  Wrote to the owner.  Numerous times no results."  [*Id.*].

**Legal Standard**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (internal quotations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint.  *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50).  "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an

entitlement to relief.'"  *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted).

<u>Analysis</u>

As the Plaintiff is proceeding *pro se*, the Court must liberally construe Plaintiff's complaint and submissions.  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) ("This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training") (internal quotation marks and citation omitted).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citation and quotation marks omitted).

Here construing the complaint liberally, it does not appear beyond doubt that the Plaintiff cannot prove any set of facts to support a claim of hostile work environment.  Title VII makes it unlawful for an employer to subject individuals to a discriminatorily hostile or abusive work environment.  *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993); 42 U.S.C. § 2000e–2(a)(1).  To prove that a workplace

3

is actionably "hostile" under Title VII, a plaintiff must demonstrate that: (1) she "subjectively perceive[d] the environment to be abusive;" (2) the conduct was so "severe or pervasive" that it created an "objectively hostile or abusive work environment", meaning "an environment that a reasonable person would find hostile or abusive;" and (3) the conduct created an environment abusive to employees "because of their race, gender, religion or national origin."  *Harris*, 510 U.S. at 21–22.  Plaintiff must demonstrate that her "workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [her] employment." *Id.*

In her complaint, the Plaintiff has alleged a specific instance when a racist comment was made.  Although it is well accepted that a single off-hand racist comment is not sufficient to establish a hostile work environment, the Court liberally construes Plaintiff's complaint to have alleged that this type of comment made by Mr. Macaluso was common-place in the workplace and thereby emblematic of a workplace permeated with discriminatory ridicule and intimidation.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 76 (2d Cir, 2001) ("[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.") (internal quotations and citations omitted).   Plaintiff has also alleged that she complained about this hostile conduct to the owners of the supermarket and thus has indicated that she did subjectively perceive the environment to be abusive.  Consequently, construing the complaint liberally it does not appear beyond doubt that the Plaintiff cannot prove any set of facts to

4

support her employment discrimination claim.  Defendants' motion to dismiss is hereby denied.

## Conclusion

Based upon the above reasoning, the Defendant's [Doc. #20] motion is DENIED.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: January 26, 2012